# EXHIBIT C

# AFFIDAVIT OF PROCESS SERVER

United States District Court for the Southern District of California

**Odyssey Wireless, Inc.**

    Plaintiff(s),

VS.

**Samsung Electronics, Co., Ltd., et al**

    Defendant(s).

Attorney: Joel Lin

Paul Hastings LLP
1117 S. California Avenue
Palo Alto CA 94304

*204813*

**Case Number: 3:15-CV-01738-H-RBB**

Legal documents received by RGP Attorney Services, LLC on **07/15/2016** at **10:25 AM** to be served upon **Telcom Ventures LLC at 211 North Union Street, Suite 300, Alexandria, VA 22314**

I, **David Barefoot**, swear and affirm that on **July 15, 2016** at **4:12 PM**, I did the following:

**NON-SERVED:** After careful inquiry and diligent attempts, I was unable to serve **Telcom Ventures LLC** the **Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action; Attachment A; Document Requests** for the reason that I failed to find the subject or information as to the location of the subjects' whereabouts.

**Supplemental Data Appropriate to this Service:**

| Date/Time | Address | Remarks |
|---|---|---|
| 07/15/2016-4:12 PM | 211 North Union Street, Suite 300 Alexandria, VA 22314 | Process server attempted to serve the subject at the address provided and spoke to an employee Marianna Sandoval with George Mason Mortgage who stated they have been at the location for ten years and have never heard of the subject. Ms. Sandoval also discussed that another individual yesterday had asked for the same subject. - Attempted by David Barefoot |

I declare under penalty of perjury that the foregoing information contained in this affidavit is true and correct and that I am a professional process server over the age of 18 and have no interest in the above legal matter.

_____
**David Barefoot**
Process Server

**RGP Attorney Services, LLC**
63 Ayers Avenue NE
Marietta GA 30060

(770) 499-8588

Internal Job ID:204813

District of Columbia: SS
Subscribed and Sworn to before me
this ___ day of _____, ____

_____
Michael Molash, Notary Public, D.C.
My commission expires July 14, 2017

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of California

| | | |
|---|---|---|
| Odyssey Wireless, Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:15-cv-01738-H-RBB |
| Samsung Electronics, Co., Ltd. et al | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:  Telcom Ventures LLC
211 North Union Street, Suite 300 Alexandria, VA 22314

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attachment A

| Place: Paul Hastings LLP<br>875 15th Street NW<br>Washington, DC 20005 | Date and Time:<br>07/22/2016 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/14/2016

*CLERK OF COURT*

OR

_____           /s/ Joel Lin
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Samsung Elecs. Co., Ltd. & Samsung Elecs. America, Inc. , who issues or requests this subpoena, are:
Joel Lin, Paul Hastings LLP, 1117 S California Ave. Palo Alto, CA 94304, joellin@paulhastings.com, 650-320-1836

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:15-cv-01738-H-RBB

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____
_____
on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
     **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
     **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
        **(i)** is a party or a party's officer; or
        **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
     **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
     **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
     **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
     **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
     **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        **(i)** fails to allow a reasonable time to comply;
        **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
        **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        **(iv)** subjects a person to undue burden.
     **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
         **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

        **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
     **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
          **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
          **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
     **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
     **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
     **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
     **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        **(i)** expressly make the claim; and
        **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

# DEFINITIONS

The following definitions apply throughout these requests, regardless of whether upper or lower case letters are used.

1. "You," "Your," or "Yours" mean Telcom Ventures LLC and all employees, officers, directors, representatives, related entities, affiliates, successors, predecessors, subsidiaries, parents, attorneys, agents, and other entities acting on behalf of that companies.

2. The term "Odyssey" shall mean Odyssey Wireless, Inc., EICES Research, Inc., and their officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, including but not limited to Mr. Karabinis, and Odyssey Wireless, Inc. and EICES Research, Inc.'s affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by Odyssey Wireless, Inc. or EICES Research, Inc., and all predecessors and successors in interest to such entities or to the Patents-in-Suit and Related Patents, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by Odyssey Wireless, Inc. or EICES Research, Inc.

3. The term "Mr. Karabinis" shall mean Peter Karabinis, Peter D. Karabinis, Dimitrios P. Karabinis, and any other alias for Peter D. Karabinis

4. "Document" carries its broadest meaning consistent with Federal Rule of Civil Procedure 34 and includes all non-identical copies (*i.e.*, copies that differ in any way, including copies bearing additions, deletions, notes, annotations, riders, or similar markings), any electronically stored information, and any emails.

5. The term "communication" shall mean, without limitation, any transmission, conveyance or exchange of a word, statement, fact, thing, idea, document, instruction, information, demand or question by any medium, whether by written, oral or other means, including but not limited to, electronic communications and electronic mail.

6. "Person" means any natural person, corporation, partnership, joint venture, unincorporated association, trust, government entity, or any other entity, and/or his, her, or its affiliates, joint ventures, agents, assigns, officers, directors, employees, representatives (including advisors), partners, attorneys, and all persons acting or purporting to act on his, her, or its behalf.

7. The terms "relate to," "relating to," "referring to," and "concerning" mean refer to, discuss, concern, summarize, reflect, constitute, contain, embody, pertain to, mention, constitute of, comprise, show, comment on, evidence, and describe.

8. "Patents-in-Suit" means U.S. Patent Nos. 7,881,393 entitled "Waveforms Comprising a Plurality of Elements and Transmission Thereof," 8,199,837 entitled "Systems/Methods of Sequential Modulation of a Single Carrier Frequency by a Plurality of Elements of a Waveform," 8,576,940 entitled "Systems/Methods of Adaptively Varying a Bandwidth and/or Frequency Content of Communications," 8,855,230 entitled "Systems/Methods of Transmitting Information via Baseband Waveforms Comprising Frequency Content Agility and an Orthogonality Therebetween," and 8,879,606 entitled "Systems/Methods of Transmitting Information Via Baseband Waveforms Comprising Agility in Frequency Content and an Orthogonality Therebetween."

9. "Related Patents" means patent applications, and patents which issued from patent applications, which are children, divisionals, continuations, continuations-in-part, and/or parents.

**INSTRUCTIONS**

1. The requests herein cover all Documents and things in Your actual or constructive possession, custody, or control. In responding to this Subpoena, You are required to obtain and furnish all Documents and things available to You and any of Your officers, directors, employees, agents, brokers, subsidiaries, attorneys (including but not limited to any and all partners, principals, associates, of counsel, and/or law clerks), technical specialists, accountants, or any other person and/or

representative acting or purporting to act on Your behalf or under Your direction or control.

2.  If You object to producing a Document because of an asserted privilege or protection, the Document must still be described in sufficient detail for Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively "Samsung") to assess the applicability of the asserted privilege or protection, as set forth in Federal Rule of Civil Procedure 45(e)(2).  Accordingly, without limitation, the date, type, author, recipient, and general subject matter of any such Document must be identified and described.

3.  These requests require the production of Documents in the same form and same order as they are kept in the usual course of business or, alternatively, organized and labeled to correspond with the particular requests set forth below.

4.  If any Document or thing was, but no longer is, in Your possession, custody, or control, state whether it has been lost, destroyed, transferred, or is missing, or has otherwise been disposed of, and, in each instance, explain the circumstances surrounding the disposition of the Document or thing and date it occurred.

5.  These requests shall be deemed continuing so as to require further and supplemental production as necessary to ensure compliance herewith.

6. To the extent any requested Documents and things are subject to third-party confidentiality obligations, You should take all necessary steps to obtain any required third-party consent to produce the Documents and things.

## DOCUMENT REQUESTS

1. All Communications between You and Odyssey.

2. All Documents and Communications relating to the Patents-in-Suit and Related Patents.

3. All Documents and Communications relating to license, investment, sale, and/or funding agreements between You and Odyssey, including Communications or negotiations regarding investments in the Patents-in-Suit and Related Patents, Peter D. Karabinis or his work, Your rights in the Patents-in-Suit and Related Patents, the transfer of money to Odyssey by You, and any promises to transfer money to Odyssey by You.

4. All Documents and Communications relating to any right you have in recoveries from litigations relating to the Patents-in-Suit and Related Patents.

5. All Documents and Communications relating to the ownership of, assignment of, and/or obligation to assign any inventions or any other intellectual property, including the Patents-in-Suit and Related Patents, from Odyssey to You.

6. All Documents and Communications relating to the monetary value of the Patents-in-Suit and Related Patents, including any Documents or Communications indicating the amount You are or were willing to pay for any rights in the Patents-in-Suit and Related Patents.

7. All Documents and Communications relating to any offers or counter-

offers concerning the sale, license, or conveyance of any rights in the Patents-in-Suit and Related Patents.

8.     All Documents and Communications relating to Your valuation of the Patents-in-Suit and Related Patents, including calculations, formulas, and negotiations used to determine their value and any value transferred or promised to be transferred between You and Odyssey.

9.     All Documents and Communications relating to money You have paid in relation to the prosecution of the Patents-in-Suit and Related Patents.

10.    All Documents and Communications relating to the scope or validity of the Patents-in-Suit.